IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

C.A.C.R., *et al.*,                    :
                                       :
              Petitioners,             :
                                       :
v.                                     :     Case Nos. 4:26-cv-571-CDL-AGH
                                       :               4:26-cv-691-CDL-AGH
                                       :               4:26-cv-692-CDL-ALS
Warden, STEWART DETENTION             :               4:26-cv-700-CDL-CHW
CENTER, *et al.*,                      :               4:26-cv-800-CDL-ALS
                                       :               4:26-cv-801-CDL-AGH
              Respondents.             :               4:26-cv-802-CDL-AGH
                                       :               4:26-cv-803-CDL-ALS
                                       :
                                       :               28 U.S.C. § 2241

_____

O R D E R

Petitioners in these consolidated cases are Venezuelan nationals living in the United States. They seek habeas corpus relief, contending that they are being detained unlawfully at the Stewart Detention Center. Their habeas claims rest upon their contention that they are entitled to "temporary protected status" (TPS). Believing that they will ultimately prevail on those claims, they ask to be released from detention while those claims are decided. They seem to ignore, however, three important developments regarding TPS for Venezuelan nationals: (1) the Secretary of Homeland Security has terminated such status; (2) the Supreme Court has stayed a lower court order that purported to vacate that termination; and (3) the Supreme Court has under consideration this term a case that will likely decide whether the

Secretary lawfully terminated TPS status for Venezuelans living in the United States.  Based on these developments, the Court finds that Petitioners are not entitled to release from detention while their habeas cases are litigated.  Therefore, their motions for emergency preliminary injunctive relief (ECF Nos. 16, 17, 18, 19, 20) are denied.  The Court further defers ruling on their habeas claims until the Supreme Court provides likely-dispositive guidance in the pending TPS cases to be decided this term.

To elaborate, the Court observes that last year the Secretary of Homeland Security removed TPS for Venezuelan nationals including Petitioners.  90 Fed. Reg. 8805 (Feb. 3, 2025); 90 Fed. Reg. 9040 (Feb. 5, 2025).  That termination of TPS was contested in a case brought in the Northern District of California.  The court there initially entered an order postponing the effective date of the Secretary's determination, which ruling was affirmed by the Ninth Circuit.  *Nat'l TPS All. v. Noem*, 773 F. Supp. 3d 807, 815 (N.D. Cal. 2025), *aff'd*, 150 F.4th 1000 (9th Cir. 2025). The California district court subsequently entered final judgment, holding that the Secretary's vacatur of a pending extension of TPS for Venezuelan nationals and her termination of TPS status for Venezuelan nationals were unlawful.  That judgment purported to set aside these actions by the Secretary.  *Nat'l TPS All. v. Noem*, 798 F. Supp. 3d 1108, 1164 (N.D. Cal. 2025).  Upon petition of the Government, the Supreme Court stayed the California district court

2

judgment as to the Venezuela TPS extension vacatur and Venezuela TPS termination, pending the disposition of the Government's appeal in the Ninth Circuit and disposition of any petition for writ of certiorari. *Noem v. Nat'l TPS All.*, 146 S. Ct. 23, 24 (2025). The only limitations on the Supreme Court's stay were as follows: (1) if certiorari was denied, the stay was to terminate automatically. *Id;* and (2) if certiorari was granted, the stay would terminate upon the judgment of the Supreme Court. *Id.* At this time, the Supreme Court has neither granted nor denied certiorari in *Noem v. Nat'l TPS All.* Therefore, in light of the stay, the Secretary's vacatur of the extension of TPS and the Secretary's termination of TPS remain in effect.[1]

As to Petitioners' motions for emergency preliminary injunctive relief, Petitioners have not explained how they will suffer irreparable harm if this Court does not release them from detention immediately. The Court first points out the obvious. If the Supreme Court decision in *Doe* and *Miot* (involving TPS for Syria and Haiti), which is expected to be decided this term,

---

[1] After the Supreme Court stayed the California district court's judgment on the merits, the district court granted plaintiffs' motion for declaratory judgment. *Nat'l TPS All. v. Noem,* No. 25-cv-01766, 2025 WL 3539156, at *3 (N.D. Cal. Dec. 10, 2025)(declaring the Secretary's vacatur of the TPS extension and termination of TPS unlawful). Respondents appealed that order to the Ninth Circuit, which granted the parties' unopposed motion to stay appellate proceedings until the Supreme Court issues its decision in *Mullin v. Dahlia Doe,* No. 25-1083 and *Trump v. Miot,* No. 25-1084. Order, ECF No. 13.2, Case No. 26-187 (9th Cir. 2026). Although *Doe* and *Miot* involve TPS for Syria and Haiti, it is likely the Supreme Court decision in these cases will be dispositive of certain issues regarding termination of TPS for Venezuela nationals.

supports the conclusion that the Secretary had the authority to terminate TPS for Venezuela nationals, then no irreparable harm will have resulted from their detention.  The Court next observes what may be considered not so obvious but is equally persuasive. If this Court decided Petitioners' habeas petitions consistent with the California district court rulings, it is likely that the Eleventh Circuit would follow the same course taken by the Supreme Court in the California litigation and stay any such order until appeals had been exhausted.  So, whether Petitioners win or lose the first round in this Court, they will likely remain detained until the final round has been completed.  Thus, they can show no irreparable harm caused by their continued detention while everyone awaits the Supreme Court's decision in *Doe* and *Miot*.

For the foregoing reasons, the Court denies the Petitioners' motions for emergency injunctive relief (ECF Nos. 16, 17, 18, 19, 20) and defers ruling on the Petitioners habeas claims until after the Supreme Court issues its ruling this term in *Doe* and *Miot*.[2]

IT IS SO ORDERED, this 13th day of May, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] To promote efficient court administration and judicial economy, the Court authorizes the Magistrate Judges of this district to consolidate with the above captioned consolidated action any past and future cases raising similar issues involving TPS for Venezuelan nationals.  In doing so, the Magistrate Judges should notify the parties and counsel in those actions that today's order applies to their cases.

4